# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 18, 2016

Johnny Olbel
FCI Coleman Medium - Inmate Legal Mail
PO BOX 1032
COLEMAN, FL 33521-1032

Appeal Number: 16-11252-H
Case Style: In re: Johnny Olbel
District Court Docket No:

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Dionne S. Young, H
Phone #: (404) 335-6224

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 16-11252-H

IN RE: JOHNNY OLBEL,

                                                                            Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

Before WILLIAM PRYOR, JORDAN, and JULIE CARNES, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Johnny Olbel has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if we certify that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C).

In his application, Olbel seeks to raise one claim in a second or successive § 2255 motion. He asserts that he is relying upon a new rule of constitutional law, *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. Olbel challenges his sentence of 360 months' imprisonment based on his conviction for possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Olbel was also sentenced to a concurrent term of 120 months' imprisonment based on his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). There is no indication in the record that Olbel was sentenced pursuant to the ACCA.

The presentence investigation report ("PSI") determined that Olbel was a career offender, pursuant to U.S.S.G. § 4B1.1(a). The PSI's determination that

2

Olbel was a career offender relied in part on Olbel's prior Florida conviction for battery on a law enforcement officer. Olbel contends that, based on *Johnson*, his prior conviction for battery on a law enforcement officer is no longer a crime of violence under the career offender provision of the Sentencing Guidelines. For that reason, he contends that his sentence should be vacated and presumably he should be sentenced without a career offender enhancement under the Guidelines. Olbel also requests that this Court hold his application in abeyance pending the Supreme Court's decision in *Welch v. United States*, No. 15-6418 (U.S. Jan. 8, 2016).

As to whether Olbel has made a *prima facie* showing that his claim involves a new rule of constitutional law made retroactive to cases on collateral review, the *Johnson* decision does not afford him relief. We have held that *Johnson*'s ruling striking the residual clause of the ACCA as unconstitutionally vague applies only to the use of that clause in the ACCA context, and does not apply to invalidate use of the residual clause of the career offender provision of the advisory Sentencing Guidelines. *See United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015).

Even if *Johnson* were applicable to the Sentencing Guidelines, we have held that *Johnson* cannot be applied retroactively in the context of a Guidelines' challenge. *In re Rivero*, 797 F.3d 986, 989-90 (11th Cir. 2015). Although the

3

Supreme Court has granted *certiorari* in *Welch* to determine whether *Johnson* is retroactive for purposes of the ACCA, that grant of *certiorari* did not extend to any determination of whether *Johnson* was retroactive for purposes of a challenge to a Guidelines' calculation.

Olbel also requests that we hold in abeyance his application until the Supreme Court decides *Welch*. Leaving aside the question whether we have the power to hold an application in abeyance while awaiting a decision from the Supreme Court, no purpose would be served by doing that here. Given our holding in *Matchett* that *Johnson* does not call for the striking of the residual clause of the career offender guidelines and the fact that the grant of certiorari in *Welch* likewise does not extend to any consideration of whether *Johnson* should be applied retroactively to the Guidelines' residual clause, any decision by the Supreme Court determining that *Johnson* applies retroactively to a sentence based on the ACCA will presumably have no impact on the validity of Olbel's sentence as a career offender under the Sentencing Guidelines.

Accordingly, because Olbel has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.  Olbel's motion to hold his application in abeyance is DENIED.